## NEW JERSEY ZINC COMPANY *a.* BLOOD.

*Supreme Court, First District; Special Term, January, 1859.*

### CHANGE OF PLACE OF TRIAL.—MOTION.

The convenience of plaintiffs' witnesses residing out of the State is not to be regarded as ground for denying the defendant's application to change the place of trial.

In an action against the officers and directors of a corporation organized in the county of S., seeking on the ground of fraud to charge them individually with a debt of the corporation, it appeared that of the thirteen defendants, several were members of the bar of that county, one a justice of the Supreme Court in that district, and resident in that county.

*Held,* that these facts, and the plaintiffs' allegation founded thereon, that a fair and impartial trial could not be had there, were not sufficient ground for denying the defendant's application to change the place of trial to that county.

The denial of a motion to change the place of trial made by one defendant, does not prejudice the right of another defendant, subsequently served with summons, to make a similar motion.

Motion to change place of trial.

The action was brought against the defendants as officers and directors of the United States Insurance Company. The plaintiffs sought to hold the defendants individually liable for the amount of a policy issued by the company to the plaintiffs, at Philadelphia, on the ground of frauds in the organization of the company.

The defendant Blood now moved to change the place of trial from New York to St. Lawrence county, on the ground that as plaintiffs were a New Jersey corporation, and defendants resided in St. Lawrence county, the latter were entitled to have the cause tried in that county. The plaintiffs made a counter-motion to retain the place of trial in New York, on the ground of convenience of witnesses (swearing to witnesses residing in Philadelphia, who could be got to attend in New York, but could not in St. Lawrence), and on the ground that a fair and impartial trial could not be had in St. Lawrence.

Some time previous a motion had been made on behalf of another defendant for a change of place of trial, which motion was denied. That motion however was made before the defendant Blood had been served in the action; and all the defendants consented to the present motion. A demand had been duly served. Other facts are stated in the opinion.

*Cummings*, *Alexander*, and *Green*, for plaintiffs.

*Daniel Clark* and *Briggs*, for defendant.

SUTHERLAND, J. (after stating the facts).—It is clear that the defendant's motion to change the place of trial to St. Lawrence county must be granted. It is their right, *prima facie*, to have the action tried in St. Lawrence county, that being the county in which they reside, and the plaintiff being a non-resident. (*Code*, § 125.)

It being the defendant's right in the first instance to have the place of trial changed from the county of New York to the

county of St. Lawrence, subject to the power of the court to retain the county of New York as the place of trial, or to change the place of trial from St. Lawrence to New York for sufficient reasons; the question then is, has the plaintiff shown such reasons? The plaintiffs' papers show five witnesses residing in Philadelphia; the defendant shows some fifteen witnesses residing in St. Lawrence, and two in Jefferson county adjoining. The plaintiffs' witnesses residing out of the State can be examined by commission, and could not be compelled to attend the trial even if in New York. If there was doubt as to the materiality of the defendant's witnesses, the convenience of the plaintiffs' Philadelphia witnesses would not be a sufficient reason for retaining New York as the place of trial.

Nor do I think the plaintiff shows that a fair and impartial trial cannot be had in St. Lawrence county. There are thirteen defendants, several of them members of the bar of St. Lawrence county, and one of them a justice of the Supreme Court of that judicial district, and a resident of St. Lawrence county; and the Insurance Company was organized on the mutual plan, the members of it being mostly residents of St. Lawrence county. For these alleged reasons, the plaintiff alleges that the trial will produce an excitement in St. Lawrence county, and that a fair and impartial trial cannot be had there. It would, I think, be a most extraordinary presumption from these allegations, that a fair and impartial judge and jury could not be found to try the cause in St. Lawrence county, without any attempt to get such trial in that county. Conceding the popular excitement as to the subject matter of the action in that county, that would not be sufficient ground for denying the defendant's motion, or for granting the plaintiffs'. (The People *a.* Wright, 5 *How. Pr. R.*, 23, and cases there cited.)

The defendant's motion to change the place of trial to St. Lawrence county should not be prejudiced by the motion made last winter on behalf of the defendants, Lillie and Crary. The defendant (Blood) who makes this motion, had not then been served with process, and was in no way a party to the motion. When that motion was made, it appeared that only three of the defendants had been served, and that no notice had been served or demanded to change the place of trial made by William B. Goodrich, one of the defendants served who had answered.

The motion of the defendant Blood to change the place of trial from New York to St. Lawrence county must be granted, and the motion of the plaintiff to change the place of trial from St. Lawrence county to New York must be denied, with $10 costs to defendant.

---

## THE UNION BANK *a.* MOTT.

*Supreme Court, First District; Special Term, December,* 1858.

Arrest.—Judgment.

Under section 183 of the Code—providing that the order of arrest as a provisional remedy may be made at any time before judgment—if after judgment has been recovered, the defendant is let in to defend, he is liable to arrest on an order, although the condition of his being let in is that the judgment should stand as security. The judgment requisite to preclude an order of arrest is a final judgment, unconditional.

Motion to vacate an order of arrest.

The facts are stated in the opinion.

*David Dudley Field,* for the motion.

*Samuel A. Foot,* opposed.

BALCOM, J.—Judgment was regularly entered in this action against the defendant Garret S. Mott, upon his failure to answer the complaint for $198,000.87 damages, beside costs, on the 5th day of November last, which judgment authorized the plaintiff to issue execution for the collection of such damages and costs, as well against the body of such defendant as against his property. An execution against his property was issued upon the judgment to the sheriff of this county, but afterwards, on the 11th day of November, such defendant obtained leave from the court to serve an answer to the plaintiff's complaint within ten days, and to proceed with his defence in the action upon payment to the plaintiff's attorney of $22.50 costs, and also the fees of the sheriff upon the execution. The court